It's a pleasure to appear before this court once again. My name is Shelly Kaye Chaffin. I represent Willie Jackson in the case presently before you. As I am well aware, I know this court has read the tomes of paper that were submitted, and so I would open myself up to questioning at this time if there are any questions. If there are no questions, I'll turn it over to Dr. Furrie-Bettle. Thank you. May it please the Court. My name is Joanne Farrington. I represent the United States in this case. This case arises out of three and Smith. Those three encounters led to this case and led to charges of drug trafficking and felon in possession against Mr. Jackson. I'd like to dispose of a couple of issues first. I trust that the court has received my 28J letter that I submitted about a month ago. I believe that the court's decision in United States v. Sine disposes of Jackson's argument that the district court abuses discretion in narrowly restricting one small part of the cross-examination of Officer Carson. If the court has any questions on that, I'd be happy to address them, but I believe that the court's conclusion in Sine that such cross-examination was highly improper. The district court judge had wide discretion on that point. He did. Although I think that United States v. Sine goes further. It seems to conclude that exercise of discretion to admit such comments is in fact improper, that it's both hearsay and moot at this point, is the question of whether or not the search warrant here, the search pursuant to warrant here, should be set aside because of the partial inaudibility of the tapes that were made when the officer presented the facts to the State Magistrate. One factual point that I think I did not make clear enough in my brief is that the only evidence introduced at trial that were seized pursuant to that warrant were some plastic baggies and I believe a scale. Those are two items that were admitted in court. I would suggest that even if there was a problem with the search warrant, that it was clearly harmless error, that those two small items of evidence did not significantly contribute to the conviction of Mr. Jackson here. To turn to the central issue in this case, which is whether the evidence should have been suppressed, I believe that there can be no serious argument that when Officer Carson pursued Mr. Jackson and ended up wrestling with him, finally catching him, that he at that point had probable cause to believe that Mr. Jackson had violated state statutes in that probable cause, his arrest was legal, the search of his person was legal, the brief search of his automobile pursuant to his arrest, it was subsequently impounded in the search pursuant to warrant was legal, and the evidence comes in. So it doesn't make any difference about the initial stop on the 10th? I don't believe it makes any difference ultimately and that was the conclusion of the district court, that by the time Mr. Jackson was subdued, that there had been sufficient intervening misconduct by Mr. Jackson to give the officer probable cause to make an arrest at that point. The next incident in August, a few weeks later, the appellant doesn't vigorously argue this point. I don't believe that there can be any serious argument that if an officer runs the plates on a car that catches his attention for whatever reason and it comes back as not being registered to the car that they're attached to, that the officer then has reasonable grounds to make a traffic stop. Again, after that, once that initial traffic stop was made and he then recognized that he was his third-party custodian, which the officer knew was a condition that had been posed on his bail release, at that point, again, everything proceeds from that initial lawful stop and the evidence that was ultimately seized from Mr. Jackson's person, a large amount of crack cocaine, was lawfully admitted. Beyond that, unless the Court has questions, I will rest on my briefs. Thank you, Your Honor. That's fine. I did not receive a 28-J letter from another attorney. I can't hear you at all. I apologize, Your Honor. My voice got a little lower because I'm a little angry because I did not receive a copy of what counsel supposedly submitted to this Court, so I have no idea what she's talking about with regard to that issue which she discussed at the beginning. And I have issue with a number of other things that she raised with regard to the arguments in this case. You know, the fact that she finds that it's not highly inappropriate for a police officer to stalk somebody around town for two days because they didn't stop on command and answer police questions is flabbergasting, to say the least. What happened in this case was Mr. Jackson was talking to his neighbor. Police officers came because of a complaint about the neighbors when they stopped Mr. Jackson going out of the parking lot, and he declined to talk to them. And for the next two days, Officer Carson stopped him looking for him just because he didn't want to talk to the police. And you know, for the most part, Anchorage police officers don't act in that way. It just happens to be this particular police officer. And not only did he exaggerate, lie to the magistrate when trying to get a warrant, but he engaged in behavior and still didn't come up with anything against Mr. Jackson. He called other officers and brought a drug dog in. They didn't find any drugs in or around his car, and yet he was still looking for him days later. When they stopped him on the 10th, they still didn't have reasonable suspicion to stop him. They had no basis to stop him. And then when he didn't immediately comply with the officer's commands, they pulled a gun on him. And of course he was scared, and of course he ran, and that's what the government is doing, is intervening behavior. It's more than the government arguing. The district court made a finding that there was an intervening cause. So that erases any problem with the initial stop. And with that intervening cause, they had a right to control the defendant because he was out of control. Is there something wrong with the district court's finding? Yes. Are you challenging that finding? I am. I am challenging that finding and the case law upon which they're relying, and they kind of just assume that he committed some crime under the state of Alaska, but they don't prove that. They don't prove that he committed a new offense, they're just an assertion that he made there. There was no finding from which it's absolutely certain that he committed any new offense. And in the briefing we talked about two problems with the government's argument. The first one is under Alaska law, well the first problem is under Howard, which talks about whether in fact there was some sort of new offense committed, and the other offense had, and the other argument had to do with Nelson versus Municipality of Anchorage, which has been cited in the briefing, in that there are problems with that, with charging somebody when there are significant Fourth Amendment arguments. And as the Supreme Court stated, but the ordinance would raise significant Fourth Amendment concerns if it were construed to apply to police-citizen encounters as defined in Waring v. State and Barrows v. State. If the ordinance applied to situations where the police have no objective justification for seizing the person, the defining quality of the police-citizen encounter is that the citizen retains the right to end the contact and walk away. The defendant, the court made a finding, a factual finding, that your client was out of control and had to be contained by the police. Are you objecting to that factual finding? I don't recall that being exactly the factual finding that was made. What was exactly the factual finding? And that's what I was just reaching for in my head, and I apologize. I think they just found that he fled, that the mere fact that he fled was sufficient enough to dissipate the taint that was caused by the bad police conduct before, that it was pure flight. And that was the argument that was made by the government, and that was what I argued against in both the briefs. And the district court found against you? I wasn't the trial attorney, so I wouldn't know, but they made a finding that the mere flight was enough to dissipate the taint. I believe the case law says that that's not true. And if there are no further questions, I will rely on the briefing. Thank you. Thank you. The matter will be submitted.
judges: Wallace, Noonan, Paez